UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ANTHONY BONELLI,                                              MEMORANDUM
                             Plaintiff,                     AND ORDER
               - against -
CITY OF NEW YORK, et al.,                                     11-CV-0395 (KAM) (JO)
                             Defendants.
----------------------------------------------------------X

JAMES ORENSTEIN, Magistrate Judge:

       Plaintiff Anthony Bonelli ("Bonelli"), a former employee of the New York City Police Pension Fund ("Fund"), has asserted a variety of claims under state and federal law against the Fund, the City of New York, and several of his former co-workers and supervisors. Among those claims is Bonelli's assertion that his former colleagues subjected him to malicious prosecution – on charges of which he was ultimately acquitted – by lying about him in testimony before a grand jury. *See generally* Docket Entry ("DE") 1 (Complaint). In the pursuit of evidence to support that claim, Bonelli now requests an order to unseal the relevant minutes of the proceedings before a state grand jury sitting in Staten Island, New York. DE 29 (motion) at 1-3. All defendants, as well as the Staten Island District Attorney's Office, consent to the application. *Id.* at 1. Although I might otherwise grant the motion on consent, I now deny the motion in light of the Supreme Court's recent decision that "a grand jury witness has absolute immunity from any § 1983 claim based on the witness' testimony[.]" *Rehberg v. Paulk*, --- U.S. ---, 132 S. Ct. 1497, 1506 (2012). The ruling is without prejudice to Bonelli's right to renew his request upon a showing that the grand jury minutes he seeks are needed for some purpose other than to establish a defendant's liability for testimony before a grand jury and that the need to use the minutes for such a purpose outweighs the otherwise compelling need to maintain the secrecy of grand jury proceedings.

Under New York Criminal Procedure Law § 190.25(4), grand jury testimony is secret and may not be disclosed without a court order. In order to obtain such an order, a movant must show a "compelling and particularized need" for access. *See Police Comm'r of City of New York v. Victor W.*, 830 N.Y.S.2d 323, 324 (App. Div. 2007) (quoting *Matter of Dist. Attorney of Suffolk Cnty.*, 58 N.Y.2d 436, 444 (1983)). Although federal courts "are not bound" by that law, "'a strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to substantive and procedural policy.'" *Blasini v. City of New York*, 2012 WL 983547, at *1 (S.D.N.Y. Mar. 22, 2012) (quoting *Lora v. Bd. of Ed. of City of New York*, 74 F.R.D. 565, 576 (E.D.N.Y. 1977)); *see also State Farm Mut. Auto. Ins. Co. v. Eastern Med., P.C.*, 2008 WL 3200256, at *2 (E.D.N.Y. Aug. 5, 2008). As a result, "'in evaluating applications to unseal state grand jury minutes, federal courts have required the same demonstrations of particularized need required for the unsealing of federal grand jury minutes.'" *Id.* (quoting *Myers v. Phillips*, 2007 WL 2276388, at *2 (E.D.N.Y. Aug. 7, 2007)). Bonelli can demonstrate such a need "by showing that the material sought 'is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that the request is structured to cover only material so needed.'" *Zomber v. Vill. of Garden City*, 2011 WL 3511011, at *2 (E.D.N.Y. Aug. 10, 2011) (quoting *Douglas Oil Co. v. Petrol Stops Northwest*, 411 U.S. 211, 222 (1979) (internal alteration omitted).

Bonelli's argument appears to be that his need for the grand jury minutes arises with respect to his malicious prosecution claim. DE 29 at 3. Under New York law,

> 'Once a suspect has been indicted ... the law holds that the Grand Jury action creates a presumption of probable cause.' 'The presumption may be overcome only by evidence establishing that the police witnesses have not made a complete and full statement of facts either to the Grand Jury or to the District Attorney, that they have misrepresented or falsified evidence, that they have withheld evidence or otherwise

2

> acted in bad faith.' Thus, in order for a plaintiff to succeed in a malicious prosecution claim after having been indicted, 'he must establish that the indictment was produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.'

*Rothstein v. Carriere*, 373 F.3d 275, 282-83 (2d Cir. 2004) (quoting *Colon v. City of New York*, 60 N.Y.2d 78, 82-83 (1983)). Bonelli argues that these legal standards supply him with a "compelling and particularized need" for the grand jury minutes, which he presumably believes will allow him to rebut the presumption of probable cause that attaches to his indictment. DE 29 at 3.

Prior to the Supreme Court's recent decision in *Rehberg*, I would likely have been inclined to agree with Bonelli and to grant the motion.[1] However, the bright-line holding in that case that "a grand jury witness has absolute immunity from any § 1983 claim based on the witness' testimony," 132 S. Ct. at 1506, appears to undermine any claim that seeks to impose liability on a defendant on the basis of a person's false testimony before a grand jury. The effect of *Rehberg* appears to implicate not only Bonelli's substantive malicious prosecution claims, but also his related claims of conspiracy. Indeed the Supreme Court explicitly stated that the rule it announced in *Rehberg*

> may not be circumvented by claiming that a grand jury witness conspired to present false testimony or by using evidence of the witness' testimony to support any other § 1983 claim concerning the initiation or maintenance of a prosecution. Were it otherwise, "a criminal defendant turned civil plaintiff could simply reframe a claim to attack the preparation instead of the absolutely immune actions themselves."

132 S. Ct. at 1506 (quoting *Buckley v. Fitzsimmons,* 509 U.S. 259, 283 (1993)); *see also*, *e.g.*, *Jones v. Dalton*, 2012 WL 1134895, at *8 (D.N.J. Apr. 3, 2012) (dismissing malicious prosecution

---

[1] Consistent with the interest of comity, Bonelli first filed a motion in state court for the relief he now seeks here, but his application was denied. DE 29 at 1; *see also Ruther v. Boyle*, 879 F. Supp. 247, 250-51 (E.D.N.Y. 1995) (citing, *inter alia*, *Douglas Oil*, 411 U.S. 211, 230-31 (1979)). In suggesting that, prior to the decision in *Rehberg*, I would likely have granted the instant motion, I do not endorse Bonelli's characterization of the disposition of the state court motion, *see* DE 29 at 1 n.1, primarily because the record in the instant action includes virtually no information about the record before the court on that motion.

claim on summary judgment and citing *Rehberg* in holding that "[a]bsolute immunity prohibits [plaintiff] from rebutting th[e] presumption [of probable cause that attaches to his indictment] with evidence that [defendant] made misrepresentations to the grand jury").

If the foregoing analysis of the effect of *Rehberg* on Bonelli's claims is correct, then there does not appear to be any permissible use Bonelli can make of the state grand jury minutes as part of the case-in-chief in support of his claims. Under such circumstances – where I can identify no permissible use for the grand jury minutes in this litigation, let alone a compelling need for them – I necessarily conclude that Bonelli has not demonstrated a sufficient basis for overcoming the need for continued secrecy in grand jury proceedings. I recognize, however, that I may have either misconstrued *Rehberg* – a recent decision that has thus far been cited in only a handful of cases, none of which addressed the issue presented here – or misperceived the purpose for which Bonelli seeks access to otherwise secret grand jury minutes. I therefore deny the motion without prejudice to Bonelli's right to renew his request upon a showing that the grand jury minutes he seeks are needed for some purpose other than to establish a defendant's liability for testimony before a grand jury and that the need to use the minutes for such a purpose outweighs the otherwise compelling need to maintain the secrecy of grand jury proceedings.

SO ORDERED.

Dated: Brooklyn, New York
May 4, 2012

                                                                                          /s/
                                        JAMES ORENSTEIN
                                        U.S. Magistrate Judge