

JACOBS & HAZAN, LLP

David M. Hazan, Esq.
11 Park Place, 10th Floor
New York, New York 10007
Phone: (212) 577-2690
Fax: (212) 577-2691
dhazan@jacobshazan.com

May 7, 2012

**VIA ECF**
Honorable James Orenstein
United States Magistrate Judge
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, New York 11201

        Re: <u>Anthony Bonelli v. City of New York, et al.</u>, 11 Civ. 0395 (KAM)(JO)

Your Honor:

        I represent plaintiff Anthony Bonelli in the above-referenced matter. I write to address several discovery issues that have arisen in this case. For the reasons set forth herein, plaintiff Anthony Bonelli respectfully requests that the Court (1) stay expert discovery until after the arbitrator in the related matter regarding plaintiff's employment completes the arbitration proceedings and issues a decision regarding plaintiff's employment status; (2) order defendants to provide plaintiff with dates when each defendant is available for depositions; (3) compel defendants to produce outstanding documents that are responsive to plaintiff's First Set of Interrogatories and Request for Production of Documents to Defendants, dated May 4, 2011, by a date certain; and (4) compel defendants to produce responses to plaintiff's second and third sets of discovery requests which were due April 12, 2012 and April 14, 2012 respectively. Discovery in this matter is scheduled to close on July 13, 2012. Defendants consent to plaintiff's request to stay expert discovery, and defendants agree to produce the outstanding discovery requested by plaintiff, but defendants wish to allocate their time and resources to obtaining settlement authority and to negotiating a settlement with plaintiff before the outstanding discovery is produced. Plaintiff does not object to waiting for the outstanding discovery until after settlement negotiations are completed, but is compelled to make this application because there is limited time remaining in discovery and plaintiff must abide by the discovery schedule ordered by the Court.

    I.    <u>Plaintiff request to stay expert discovery until the related arbitration is complete.</u>

        First, plaintiff respectfully requests that the Court stay expert discovery in this matter until after the pending and related arbitration proceedings related to plaintiff's employment status are completed. Plaintiff intends to retain an expert to calculate plaintiff's future and past damages for lost employment if he prevails in the arbitration. This issue was previously addressed with the Court at a status conference in this matter held on January 9, 2012 and the Court instructed the parties to keep the Court updated if the arbitration was not completed in a timely manner. At the time of the status conference, the parties believed that the arbitration would be completed in April 2012. However, I have now been advised that the arbitration was recently postponed until July 17, 2012, after discovery in this

case is scheduled to close. At this time, we are unable to predict when the arbitrator I will render a decision in that matter.

By way of background, plaintiff alleges that he was demoted and thereafter fired from his position at the Police Pension Fund (PPF) as a result of being falsely arrested by defendants. As the Court is aware, all charges related to the arrest of plaintiff were ultimately dismissed. There is an ongoing arbitration regarding whether plaintiff is entitled to be reinstated to his job and receive back pay. However, the arbitration will only address whether plaintiff is entitled to be reinstated at the salary he made after he was demoted. The decision by the arbitrator will directly affect the viability of plaintiff's claims for lost wages in this case. If Mr. Bonelli loses his job at arbitration, then his claim for lost wages in this matter will become moot and no expert discovery will be necessary. However, if plaintiff is reinstated to his job at the salary after the demotion, then he can proceed with claims for past and future damages for lost income resulting from his demotion. If plaintiff is able to proceed with his claim for lost wages then he must retain an economic expert, who must determine the past and future income lost by plaintiff. It will be extremely costly for the parties to retain economic experts. The pending arbitration will inform the parties about whether plaintiff has a viable claim for lost wages. Plaintiff respectfully requests that the Court stay expert discovery until the arbitration has concluded because the decision in the arbitration will directly affect the scope of damages that an economic expert would be permitted to consider in this case.

II. Dates for Defendants' Depositions.

Second, on January 3, 2012 plaintiff served each defendant in this case with Notices of Deposition for their depositions to occur on various dated during the month of February 2012. Defendants adjourned the depositions because defendants were unavailable on the dates when their depositions were noticed, and because counsel for defendants had a trial that was supposed to occur on the dates when some of the depositions were noticed. Over the past few months plaintiff has repeatedly requested that defendants provide plaintiff with dates when each defendant is available to be deposed. Moreover, plaintiff advised defendants that his schedule is relatively flexible and he is available for deposition on most dates, to the extent defendants which to depose him. It is plaintiff's understanding that defendants were hoping to discuss settlement prior to engaging in deposition discovery, but to date, plaintiff has not received a settlement offer from defendants or dates when defendants are available to be deposed. Since discovery in this matter is scheduled to close on July 13, 2012, plaintiff respectfully requests that the Court order defendants to provide dates when they are available to be deposed, by a date certain.

III. Outstanding documents responsive to plaintiff's first set of discovery requests.

Third, plaintiff respectfully requests that the Court order defendants to produce outstanding documents and interrogatory responses to plaintiff's First Set of Interrogatories and Request for Production of Documents to Defendants, dated May 4, 2011, by a date certain. (Plaintiff's first set of discovery requests is annexed hereto as Exhibit 1.") The parties have already conferred about disputes they had regarding the substance of the responses and reached agreements regarding all disputes. Thus, plaintiff simply requests that the Court order defendants to produce the documents and responses to interrogatories that they agreed to produce. Defendants agreed to produce the discovery on or before March 30, 2012, but still have not produced much of the discovery they agreed to produce. Plaintiff notes that he has been extremely reasonable regarding the amount of time he has given the City to respond to the requests as the requests were served over a year ago.

Defendants have failed to produce the following agreed documents and information that they previously agreed to produce: (1) a privilege log for all documents, including documents in possession of the Richmond County District Attorney's Office that have not been produced because a privilege is being asserted; (2) Initial Disclosures that comply with Federal Rule of Civil Procedure 26; (3) complete responses to Document Requests Nos. 10, 11, 16, 19, 22, 29, 33, 49, and 52 and Interrogatory Nos.10, 14, 21 (responses should include e-discovery); (4) all IAB and CCRB complete underlying files regarding complaints made against defendants related to substantiated and unsubstantiated allegations similar in nature to the allegations pled in the Complaint and all allegations against the defendants regarding their honesty; and (5) all audio and video recordings contained in the Richmond County District Attorneys file related to this case.

Additionally, defendants agreed to produce plaintiff's inmate file from the Department of Correction that will contain information regarding plaintiff's damages associated with the time he spent incarcerated at Riker's Island. Counsel for defendants advised that the Department of Correction (DOC) has lost records related to plaintiff's incarceration. Plaintiff respectfully requests that the Court order defendants to produce an affidavit from an appropriate individual employed by DOC explaining exactly what steps were taken to search for plaintiff's inmate file.

Plaintiff respectfully requests that the Court order defendants to produce the above-mentioned discovery, by a date certain.

IV.   Responses to plaintiff's second and third sets of discovery requests.

Finally, plaintiff respectfully requests that the Court order defendants to respond to plaintiff's second and third sets of discovery requests, by a date certain. Plaintiff served defendants with his second and third set of discovery requests on March 12, 2012 and March 14, 2012 and responses were due on or about April 12, 2012, and April 14, 2012, respectively. (Plaintiff's second and third sets of discovery requests are annexed hereto as Exhibits "2" and "3") In early April of this year, defendants conferred with plaintiff and requested additional time to produce the documents responsive to said requests. Plaintiff advised defendants that he would consent to some additional time to produce the documents, if necessary, but requested that defendants provide plaintiff with any objections defendants had to the requests immediately so that any disputes could be resolved with the Court. Nevertheless, to date plaintiff has not received any responses to his second and third sets of discovery requests. Upon information and belief, defendants were waiting to determine whether the parties could resolve this matter through settlement, rather than expend resources responding to the requests. Plaintiff respectfully requests that the Court order defendants to respond to plaintiff's second and third sets of discovery requests, by a date certain because discovery in this matter is coming to a close and it is important that all discovery issues be resolved in a timely manner.

We thank the Court for its consideration of plaintiff's requests presented herein.

Respectfully submitted,

David M. Hazan, Esq.

cc:   ACC Phyllis Calistro (ECF)