UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

| | |
|---|---|
| ANTHONY BONELLI,<br><br>                                                Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK et al.,<br><br>                                                Defendants. | **PLAINTIFF ANTHONY BONELLI'S THIRD SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS.** |

-------------------------------------------------------------------X      11 Civ. 0395 (KAM) (JO)

      Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure and Local Rules 26.2 and 26.3 of this Court, plaintiff Anthony Bonelli hereby requests that each defendant serve upon the undersigned sworn written answers to each of the interrogatories set forth below and produce for inspection and copying the documents requested below at the offices of Jacobs & Hazan, LLP at 11 Park Place, 10th Floor, New York, New York 10007, within thirty (30) days after service hereof.

      These interrogatories and document requests are continuing. If at any time after service of answers hereto, and prior to the trial of this action, defendants obtain or become aware of additional information pertaining to any of these interrogatories or document requests, the disclosure of which may be required pursuant to Rule 26(e) of the Federal Rules, defendants shall, within thirty (30) days, and in no event later than five days before trial, serve upon the undersigned supplemental sworn written answers setting forth such additional information and documents.

## INSTRUCTIONS

1. If the answer to all or any part of an interrogatory is not presently known or available, include a statement to that effect and furnish any information currently known or available and a description of the source of information that was once known or available that could have been used to respond to the interrogatory.

2. If any information called for by an interrogatory is withheld by reason of a claim of privilege, state with specificity the information required by Local Rule 26.2.

## DEFINITIONS

1. These definitions incorporate by reference the Uniform Definitions in Discovery Requests set forth in Federal Rule 34(a) and Local Rule 26.3.

2. As used herein, the term "Incidents" refers to the events described in the Complaint underlying plaintiff's claims. Specifically, the term "Incidents" refers to events as set forth in the Complaint that occurred on or about (1) November or December 2005, (2) Summer of 2006, (3) September 24, 2007, (3) December 19, 2007, (4) January 2008, (5) February 5, 2008, (6) February 8, 2008, (7) March 28, 2008, (8) June 2008, (9) July 1, 2008, (10) July 3, 2008, (11) July 8, 2008, (12) July 9, 2008, (13) July 10, 2008, (14) July 11, 2008, (15) July 17, 2008, (16) August 31, 2008, (16) September 25, 2008, (17) December 12, 2008, (18) December 18, 2008, (19) February 19, 2009, (20) February 21, 2009, (21) February 23, 2009, (22) February 24, 2009, (23) February 27, 2009, (24) February 28, 2009, (25) March 6, 2009, (26) March 7, 2009, (27) September 11, 2009, (28) September 14, 2009, (29) March 5, 2010, (30) September 28, 2010, (31) October 18, 2010.

## INTERROGATORIES

1. Identify the team of "techs" that was allegedly sent to the DR site on February 25, 2009 to catalog the "tapes" stored at the DR site by the Police Pension Fund.

2. Identify the tapes and/or CDs by server name or application and month, and year that defendants alleged, on the date of plaintiff's arrest, that plaintiff allegedly stole.

3. Produce and/or identify a list of dates when the PPF IT division conducted DR Quarterly inspections at the Telehouse DR site that included both units, the applications unit and the network services unit, from 2003-2010.

4. Identify the individual(s) that advised the Richmond County District Attorneys' Office that (1) plaintiff stole backup tapes from the PPF "containing identifying information and medical history of all NYPD service employed before 2005, active and retired, as well as family information," and including records that "had the potential of exposing the identity of undercover officers' addresses and names and locations of their family members," (2) that "pursuant to a search warrant executed [in plaintiff's home], a CD [was found] with tax IDs, which could effect tens of thousands of police officers on that CD." See Transcript of Plaintiff's Arraignment.

5. Identify the individual(s) who provided defendant Detective Leon with each fact alleged against plaintiff in the Search Warrant Affidavit she signed, dated 2/27/09. In response to this interrogatory list the fact, the paragraph number from the Affidavit and the individual(s) that provided Detective Leon with the information. To the extent that there are factual allegations contained in Detective Leon's Affidavit that were not provided to her by individual(s) then please state such.

6. Identify all computer material, computer data and computer programming of the Police Pension Fund that plaintiff allegedly altered and destroyed, as claimed by the Richmond County District Attorneys Office in the Voluntary Disclosure Form produced by them during the underlying prosecution of plaintiff.

3

      7.     Produce plaintiff's entire Police Pension Fund e-mail box, including all items in his Inbox and Sent box from 2002-Present.

## DOCUMENT REQUESTS

1. Produce each document referred to and/or relied upon in responding to the Plaintiff's Second Set of Interrogatories.

2. Produce all documents, photographs, audiotapes, and videotapes, including but not limited to e-mails, paper files, and memorandum regarding Complaints made against defendant Jim McLoughlin by Anthony Bonelli.

3. Produce all documents, photographs, audiotapes, and videotapes, including but not limited to e-mails, paper files, and memorandum regarding Complaints made against defendant Bill Dorney by Anthony Bonelli.

4. Produce a list of employees who had the Teleport ID, which provided employees access to lift up the tollbooth gates to the outside perimeter of the Teleport DR site, from 2007 through 2010.

5. Produce and/or identify a list of dates when the PPF IT division conducted DR Quarterly inspections at the Telehouse DR site that included both units, the applications unit and the network services unit, from 2003-2010.

6. Produce all e-mail's to and from non-parties Kai Ng and Marc Marino from 2002-2010 containing photo attachments and/or video attachments.

7. Produce all e-mail's to and from each and/or any defendant from 2002-2010 containing photo attachments and/or video attachments.

8. Produce the catalog of tapes that was allegedly created by the "techs" sent to the DR site on 2/25/2009 by the Police pension Fund.

4

9. Produce all documentation regarding "the team of techs" and "police officers" that visited the DR site on 2/25/09, the locations they visited, the security checks they conducted, and any and all documentation they made about their visit and security issues they did or did not encounter.

10. Produce all documentation regarding the quarterly fail test that was performed on 2/20/2009, including documents that identify the individuals who performed the test and visited the DR site on 2/20/2009 to perform the test and the time each arrived.

11. Produce all e-mails or other documentation regarding the fact that a Detective came to the PPF offices to speak with defendant Pece and/or Dorney about the complaint filed against Pece and all documentation regarding the content of what was communicated to the Officer at the PPF and between PPF employees about the visit.

12. Produce all documents and documentation of defendant Richard Conte's search of plaintiff's Office for missing tapes and/or CDs.

13. Produce all records relied upon by defendant Detective Yvonne Leon in the sworn search warrant affidavit, dated 2/27/2009 for the search of plaintiff's home and automobile.

14. Produce or provide for inspection all property listed on Property vouchers numbered P506555, P137763, P506561, P506556, P506557, P506558, P506559, P506562, P506560, and P137764 which contain a list of certain property that were seized during the execution of a Richmond County Supreme Court Search Warrant executed 160 Albemarle Avenue in Valley Stream, New York and during the course of plaintiff's arrest.

15. Produce all documents and NYPD investigation filed maintained by the Computer Crime Squad and /or Detective DiBatista related to the investigation into plaintiff and/or the PPF missing tapes/Cds.

16. Produce all NYPD Crime Lab and Computer Lab reports/reporting that was identified as "pending" by the Richmond County DAs Office on the Voluntary Disclosure Form produced by the DAs Office during the underlying prosecution of plaintiff.

Dated: New York, New York
      March 14, 2012

By: _____
STUART E. JACOBS
DAVID M. HAZAN
JACOBS & HAZAN, LLP
Attorneys for Plaintiff
11 Park Place, 10th Floor
New York, NY 10007

TO: **BY FIRST CLASS MAIL AND E-MAIL**
ACC Phyllis Calistro
Attorney for Defendants
New York City Law Department
100 Church Street
New York, NY 10007